# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN SHEFFER**,

**Plaintiff,**

**v.**

**COTTRELL, INC.,**
**et al.,**

**Defendants.**          No. 08-0791-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Plaintiff's motion to remand (Doc. 14). Defendant Cottrell, Inc. filed an opposition to the motion and Plaintiff filed a reply (Docs. 35 & 75). Based on the following, the Court grants the motion to remand.

On November 5, 2008, John Sheffer filed a twenty-five count complaint against Cottrell, Inc. ("Cottrell"); Navistar, Inc. f/k/a International Truck and Engine Corporation ("International Truck"); Fontaine Fifth Wheel Company, Inc.; Fontaine International Holding Company, Inc.; Fontaine Industries, Inc.; Fontaine International, Inc.; Cassens & Sons, Inc. ("Cassens & Sons"); Cassens Corporation ("Cassens"); Marysville Releasing, Inc. ("Marysville"); Unknown Owners, Former Owners and Lessors of the Truck in Question; and Unknown Distributors of Fifth Wheel on Truck in Question in the Madison County, Illinois Circuit Court (Doc. 2-3).

Sheffer's claims arise from a November 8, 2007 incident wherein Sheffer allegedly was injured while attempting to release a fifth wheel on a tractor and trailer. Sheffer alleges that the trailer involved was manufactured by Cottrell and that at all relevant times Sheffer was an employee of Cassens Transport Company.[1] Sheffer's complaint contains claims, *inter alia*, of product liability, negligence, breach of implied warranty and punitive damages.

Thereafter, on November 10, 2008, Cottrell removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332 and 28 U.S.C. § 1441 & 1446 (Doc. 2).[2] That same day, Defendants Fontaine Fifth Wheel Company, Inc., Fontaine International Holding Company, Inc., Fontaine Industries, Inc., and Fontaine International, Inc., filed their consent to removal (Doc. 2-4). Cottrell removed the case five days after it was filed in state court, before Cottrell was served and despite the presence of four Defendants in this case — Navistar ("International Truck"), Cassens & Sons, Inc., Cassens Corporation, and Marysville Releasing, Inc. – that are citizens of Illinois. Though Cottrell notes **28 U.S.C. § 1441(b)**'s language that removal is improper in diversity cases if a "joined and served" defendant "is a citizen of the State in which such action is brought," it argues that since neither International Truck nor Cassens was both joined and served at the time of removal and that since Defendants Cassens & Sons, Cassens, and Marysville were

---

[1]Cassens Transport Company is not named as a Defendant in this case.

[2]Sheffer does not contest that the parties are diverse (Doc. 14).

fraudulently joined, its removal was proper. Sheffer disagrees with the removal and filed a motion to remand (Doc. 14). Sheffer maintains that Cottrell's removal was improper because Cottrell removed the case prior to being served; that a case may not be removed where a resident defendant is a party - served or unserved; that fraudulent joinder does not apply to a diverse defendant under the forum defendant rule - it only applies to non diverse Defendants and that he has stated causes of action against Defendants Cassens & Sons, Cassens and Marysville.

## II. Analysis

The federal removal statute, **28 U.S.C. § 1441**, provides that a diversity action is removable if the requirements for diversity jurisdiction are met and "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." **28 U.S.C. § 1441(b)**.[3] Thus, if a properly joined-and-served defendant resides in the state where an action is brought, that action may not be removed on diversity grounds. *Id*. This rule – the so-called forum defendant rule – "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." ***Spencer v. United States Dist. Ct.*, 393 F.3d 867, 870 (9th Cir. 2004)(quoting Erwin Chemerinksy, *Federal Jurisdiction* § 5.5 (4th ed. 2003));** *see also* **16 James Wm. Moore et al.,** ***Moore's***

---

[3]The Court notes that a court's jurisdiction is measured at the time of removal, and is not affected by subsequent events. *See e.g., **Tropp v. W.-S. Life Ins.* Co., 381 F.3d 591, 595 (7th Cir. 2004);** *In re Shell Oil*, **966 F.2d 1130, 1133 (7th Cir. 1992)(citing** *St. Paul Mercury Indem. Co. v. Red Cab Co.*, **303 U.S. 283 (1938)).**

*Federal Practice* ¶ **107.14(2)(e)(I) (3d ed. 1999)**.

Here, Sheffer presents several arguments in favor of remand. First, that Cottrell's notice of removal is premature, and thus, untimely because it is improper for a defendant to remove a case prior to being served with summons and process. As to the argument that Cottrell's removal prior to service was improper, the Court notes that it previously rejected this argument in a similar case, ***Massey v. Cassens & Sons, Inc.*, 05-0598-DRH (February 16, 2006 Doc. 58, ps. 3-4)**. As to this argument, in ***Massey***, the undersigned held:

> With regard to the first argument, as courts have recognized, nothing in **28 U.S.C. § 1441** or any other statute requires defendants to have been served themselves prior to removing a case to federal court. *See* **28 U.S.C. § 1441;** *Delgado v. Shell Oil*, **231 F.3d 165, 177 (5th Cir. 2000)** (holding that service of process is not a prerequisite to removal); ***Arthur v. Litton Loan Servicing*, 249 F.Supp. 2d 924 (E.D. Tenn. 2002)(Edgar, J.)** (same); ***Robinson v. Quality Ins. Co.*, 633 F.Supp. 572, 576 (S.D. Ala. 1986)(Hand, J.)** (same). In fact, at least one statute related to removal – **28 U.S.C. § 1446** – can be read to explicitly authorize the practice. *See* **28 U.S.C. § 1446(b)**(providing that removal is proper within thirty days of a defendant's receipt, "through service *or otherwise*," of the relevant pleading or other document (emphasis added)); *see also* **28 U.S.C. § 1448** (diminishing the significance of pre-removal service by providing that service may be completed after removal in cases "in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective"). Plaintiff cites to no relevant authority suggesting that service is a prerequisite to removal. Accordingly, the Court declines to require that a removing defendant have received service.

***Id.* (footnote omitted and emphasis in original)**. The Court still remains convinced of the correctness of that holding and finds that reasoning proper and applicable to

this case. Thus, the Court concludes that service is not a prerequisite to removal. Accordingly, the Court denies Sheffer's motion to remand based on this argument.

Next, Sheffer argues that the forum defendant rule bars removal of this action. As to this issue, Sheffer maintains that the presence of a viable local defendant always prevents removal on the basis of diversity whether served or not. The Court rejects this argument as it also addressed this issue in ***Massey***.[4] Moreover, Sheffer's reliance on ***Pullman Co. v. Jenkins*, 305 U.S. 534 (1939)**, ***Pecherski v. General Motors Corporation*, 636 F.2d 1156 (8th Cir. 1981)** and ***Preaseau v. Prudential*, 591 F.2d 74 (9th Cir. 1979**) is misplaced. ***Pullman*** predates the enactment of 28 U.S.C. § 1441(b). Moreover, unlike here, the parties in ***Pullman*** lacked complete diversity of citizenship. Therefore, the Court, as stated previously, must give effect to the literal interpretation in absence of a contrary Congressional intent and reject Sheffer's attempt to ignore the plain language of the

---

[4]The undersigned found:
 "With regard to Plaintiff's second argument, there is similarly nothing in **28 U.S.C. § 1441** barring removal in diversity cases when an unserved resident defendant is present. *See* **28 U.S.C. § 1441**. In fact, just the opposite: as that statute's language clearly provides, if diversity jurisdiction exists, only a "joined *and served*" resident prevents ... removal. **28 U.S.C. § 1441(b)**(emphasis added). Under the statute's plain language, therefore, if a resident defendant is not both joined and served, the forum defendant rules does not apply. **Id**.
...
the Court is constrained by the language of **28 U.S.C. § 1441.** That language is clear and unambiguous: where complete diversity is present — as it is in this case– only the presence of a "joined and served" resident defendant defeats removal. **28 U.S.C. § 1441(b)**. Here, no such defendant was present when this case was removed. That statute contains no proviso, and, given its clarity, it is not the Court's role to insert one. *See* ***Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)**...."

***Massey*, Doc. 58 at ps. 5 & 7-8**.

statute and circumvent Congress' express intention. Thus, this issue does not provide basis for remand.

Lastly, Sheffer claims that forum defendant rule bars removal because Cassens & Sons, Cassens Corporation and Marysville Releasing are diverse Illinois residents and were not fraudulently joined. Cottrell maintains that each one of these Defendants were fraudulently joined to defeat removal.

In the context of fraudulent joinder, "fraudulent" is a term of art. ***See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)**. "Although false allegations of jurisdictional fact may make joinder fraudulent, . . . in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever, the plaintiff's motives. *Id.* (collecting cases)**. It is true that, as a general rule, the right of removal cannot be defeated "by a fraudulent joinder of a resident defendant having no real connection with the controversy." ***Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)**. To prove fraudulent joinder the defendant must "show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant,'" ***Schwartz v. State Farm Mutual Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999)(citing *Poulos*, 959 F.2d at 73)**, or "if a state court has come to judgment, there [is not] any reasonable possibility that the judgment will be reversed on appeal." ***Poulos*, 959 F.2d at 73**. The defendant bears of heavy burden in this regard. *Id.*

Thus, even if a state court might ultimately find that Sheffer failed to

state claims against Defendant Cassens & Sons, Cassens and Marsyville joinder of these Defendants was not "'fraudulent' for purposes of this court's jurisdiction so long as the issue of state law is subject to reasonable argument on both sides." **See Batoff v. State Farm Insurance Co., 977 F.2d 848, 853 (3rd Cir.1992) (if "intricate analysis of state law" is needed to dismiss claim, the claim may not be disregarded for purposes of diversity jurisdiction)**. The Court turns to address whether these Defendants were fraudulently joined to defeat removal.

As to Cassens & Sons, Sheffer brings four counts against it: Count XIX – product liability; Count XX – negligence; Count XXI – breach of warranty; and Count XXII – product liability along with punitive damages. Here, Cottrell contends that Cassens & Sons was fraudulently joined as it was not a true seller or distributor of the trailer: it was a facilitator. Cottrell maintains that Cassens Transport used Cassens & Sons to assist in the transaction and that Cassens & Sons' participation was not indispensable or mandatory as the trailer could have been purchased directly from Cottrell by anyone. Cottrell further maintains that Cassens & Sons merely processed the paperwork. Sheffer maintains that the truck was sold to Cassens & Sons and that the trailer portion of the rig was also bought and sold by Cassens & Sons.

Here, the Court determines that the record does *not* support Cottrell's contention that there is no possibility that Sheffer could ever recover against Cassens & Sons. While 735 ILCS 5/2-621 may bar Sheffer's claims against Cassens & Sons

in Counts XIX and XXII, there is a question of the extent to which this statute applies to these claims as alleged by Sheffer. Additionally, the breach of warranty and the negligence claims are outside the scope of 735 ILCS 5/2-621. **See Garcia v. Edgwater Hosp., 613 N.E.2d 1243, 1249-50 (Ill. App. 1993)(holding that 5/2-621 did not allow dismissal of action based on implied warranty of merchantability);** *Link v. Venture Stores, Inc.*, **677 N.E.2d 486, 488 (Ill. App. 1997)(holding that the 1995 amendment of 735 ILCS 5/2-621 did not affect a plaintiff's right to sue a non-manufacturer defendant on a negligence theory)**. At this stage in the litigation, the Court is required to resolve all issues of state law against removal. Further, the Court notes that Cassens & Sons is not contesting Counts XX, XXI and parts of XXII as it filed an answer denying the allegations as to these Counts (Doc. 34. ps. 12-15). It only filed a motion to dismiss as to Counts XIX and parts of XXII based on the innocent seller statute, 735 ILCS 5/2-621 (Doc. 28). Thus, Cassens & Sons' conduct further supports the Court's finding that Cassens & Sons was not fraudulently joined. Therefore, the Court finds that the removal in this case was not proper and that the case must be remanded. As the Court finds that Cassens & Sons was not fraudulently joined, the Court need not address whether Cassens and Marysville were fraudulently joined.

### III. Conclusion

Accordingly, the Court **GRANTS** Sheffer's motion to remand (Doc. 14). Pursuant to 28 U.S.C. § 1447(c), for failure to comply with the forum defendant rule,

the Court **REMANDS** this case to the Madison County, Illinois Circuit Court.

**IT IS SO ORDERED.**

Signed this 30th day of April, 2009.

/s/     David R Herndon

**Chief Judge**
**United States District Court**